### GEORGE S. STELL v. J. M. HALE.

Decided December 20, 1898.

**Evidence—Parol Varying Written Instrument.**

Evidence of a parol agreement between the parties to a written building contract for extra compensation for items included in the written contract is inadmissible, although it is claimed that the items were omitted from the written contract and the parol agreement made for the purpose of deceiving the father of one of the parties who was to pay for the house, but had limited the amount to that expressed in the written contract.

APPEAL from the County Court of Lamar. Tried below before Hon. CHARLES S. NEATHERLY.

*W. F. Whitten,* for appellant.

*Hill & Sturgis,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by the appellee, Hale, in justice's court to recover on an oral contract from appellant, George S. Stell, the sum of $88, part of the price for building a house in Paris, Texas. The cause of action is stated by appellee's counsel as follows: "Appellee and appellant entered into a verbal contract, whereby appellee was to build for appellant a certain dwelling house for $1050, with certain windows, screens, etc., afterwards added, that made it cost $28 more. That Dr. W. W. Stell, the father of appellant, made a present of the lot to appellant, and also gave him the money to build the house, but would only pay $990 for it, and no more. That it was further agreed between appellant and appellee that they would sign up a written contract for appellant to do all the work and furnish all the material for $990, so as to satisfy Dr. W. W. Stell, and induce him to believe that was the whole price, and the extra amount of $88 was to be kept a secret from him for fear of his refusal to pay any of the money in case it exceeded $990, and appellant was to pay this extra amount of $88 himself, independent of his father."

The appellant answered by general denial and specially that he and appellee had entered into a written contract expressly covering the items sued for, and that appellee had therein agreed to construct the house, furnish all materials, etc., for $990, and that said sum had been paid,

and claiming damages in reconvention for failing to do the work according to contract in the sum of $187. Appellee had judgment in the justice's court and appealed to the county court, where verdict and judgment was again rendered against appellant for $96.50, which embraces interest on the $88 sued for.

The facts as testified to by appellee are as follows: "I brought suit against Dr. George Stell on an itemized account for $88; the first item is for $60. It is the difference between my bid on the house and what the old Dr. W. W. Stell agreed to pay, according to the young doctor's statement. The young doctor came to me and told me that the old doctor would not pay but $990 to have the house built after he had accepted it. I told him I could not build the house for that money, and he remarked, 'Well, you do this—you contract with the old doctor for $990, and I will pay you the difference of $60 myself, along as I make my collections this fall and winter and next spring.' I told him just to please him and to help him along, I would do that. This was a verbal contract between us, that he was to pay that much, and he said: 'Don't you tell the old doctor; if you do he'll get mad, and I will get no house. Keep it a secret.' I said all right. This was at my house. He says: 'Come up this morning and sign the contract with the old doctor.' I said, all right, but he says, 'There are some screens to go on there. The old doctor says we must have some screens to go in there, and we must have a gable ornament, and several other little things.' I told him what I thought they would cost, and he says, 'We will just add that to it.' We went to the young doctor's house and talked the matter over. We agreed, and it was understood between us that all these extras and the $60 amounted to $83. I told him we will call it $80. He says, 'All right.' Then we went to town where the old doctor was—I think at Longmire's drugstore, and showed him the plans, and everything was accepted. * * * He finally pointed out and said, 'There is no window there; * * * says we must have one there.' I took my pencil and marked a place for the window, and there is where the $8 comes in, and we made it $88.

"This contract provides for $990 for building the house, and in the written contract I agreed to furnish all of the material and perform all of the labor and build the house complete for $990, so far as the old doctor was concerned. I made the old doctor understand that I was to do all of that work for $990, but had a verbal contract with the young doctor (appellant) that he was to pay the balance. The amount sued for in the sum of $88, is based on a verbal understanding between me and the young doctor, and was done to keep it away from the old doctor, as the old doctor said he would not pay more than $990, and in order that he might get the house.

"The old doctor superintended the work—was there every day * * * while the foundation, frame, and general work was going up; * * * expressed himself satisfied with it—said it was all right; * * * both parties expressed themselves as perfectly satisfied."

The written contract and specifications embrace the items sued for, and is signed by appellee and appellant and witnessed by W. W. Stell.

When it appeared on the trial that the items sued for were embraced in a written contract, and that the price therein agreed on for the building complete was $990, and that the items sued for would put the price complete at $1078, the appellant moved to exclude the oral evidence of appellee because it established a contemporaneous oral agreement which changed and contradicted the written contract, this motion was overruled and the point was reserved by bill of exception, and is urged here under proper assignment of error.

We think the evidence should have been excluded. It admission was plainly a violation of a well established rule of evidence, of which no authority need be cited. No one could rely upon written contracts if they could be contradicted and destroyed by the oral testimony of the parties thereto, and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*